(115 So. 149)

### MARTIN v. STATE. (5 Div. 683.)

Court of Appeals of Alabama. Jan. 17, 1928.

E. H. Glenn and Joe B. Duke, both of Opelika, for appellant.

Charlie C. McCall, Atty. Gen., for the State. Brief did not reach the Reporter.

BRICKEN, P. J. Under the law in this state a conviction of a felony charge cannot be had on the testimony of an accomplice, unless corroborated by other evidence tending to connect the defendant with the commission of the offense, and, if such corroboratory evidence tends merely to show the commission of the offense, this would not be sufficient. This insistence upon the part of appellant is correct as an abstract proposition of law, for the statute so provides. Code 1923, § 5635. But in the case at bar the above provision cannot apply, for the evidence adduced upon this trial was ample, not only to corroborate the testimony of the accomplice as to the commission of the offense charged in the second count of the indictment, the count upon which the conviction of appellant rested, but it was sufficient also to connect the accused with the actual commission of the offense complained of.

Another statutory provision involved in this case is that, when two or more defendants are jointly indicted, the court may, at any time before the evidence for the defense has commenced, order any defendant to be discharged from the indictment, in order that he may be a witness for the prosecution, etc. Code 1923, § 5636.

The provisions of the above statutes render innocuous and inapt numerous exceptions reserved by defendant upon this trial.

The accused was convicted of the possession of a still, etc., to be used for the purpose of manufacturing prohibited liquors, etc. Such possession of a still under the statutes in this state is unlawful. Code 1923, § 4656.

The corpus delicti was sufficiently proven by the evidence adduced upon this trial. This evidence was ample also to submit to the jury the question of the guilt or innocence of the defendant, and therefore to support the verdict of the jury and sustain the judgment of conviction.

Pending the trial numerous exceptions were reserved; all of them have been examined. We are convinced that the defendant was accorded a fair and impartial trial, free from prejudicial error. More than this, the accused has no right to expect or demand. There appears no reversible error in any ruling of the court, and, the record being regular in all things, the judgment of conviction in the lower court, from which this appeal was taken, will stand affirmed.

Affirmed.